**Anit Jindal, OSB #171086**
AnitJindal@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Erin Dawson, OSB #116334**
ErinDawson@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COHO DISTRIBUTING LLC, an Oregon limited liability company, dba COLUMBIA DISTRIBUTING,<br><br>Plaintiff,<br><br>v.<br><br>APISERO, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:23-cv-00806-AN<br><br>**PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37** |

# INTRODUCTION

This case concerns the development of an online retail customer portal, called the Fridge. Apisero is one of several software companies that worked on the Fridge project over the years. In discovery, Apisero has sought various documents related to the Fridge project, including documents that contain the confidential trade secret information of third-party vendors on the project. At least one such vendor, Slalom, is a direct competitor of Apisero's. CoHo

Page 1 –    PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL
           PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37

Distributing ("Columbia") owes a duty to third-party vendors Slalom and Salesforce to take steps to protect their sensitive information from harmful disclosure. Columbia has thus marked certain documents in this case as "Attorney Eyes Only" ("AEO") and "Confidential." Pursuant to a confidentiality agreement with Slalom, Columbia was required to protect Slalom's confidential information and has therefore followed its guidance on what Slalom information to designate as AEO.

Columbia does not have the unilateral ability to ignore Slalom's direction regarding the confidentiality protection of its information, and Slalom has raised serious concerns about the competitive disadvantage it will face if certain information describing its rates, billing, technical limitations or solutions, integration strategies and methods, or internal risk assessments are disclosed directly to Apisero. In an accompanying declaration, Slalom has outlined its concerns regarding particular documents discussed by Apisero in its Motion to Compel Production and Disclosure Pursuant to FRCP 26,33, 34, & 37 ("Motion") (Dkt. 38), and has explained why the designations must remain in order to avoid a competitive disadvantage to Slalom in the marketplace. (Decl. of Casey Holland of Non-Party Slalom, Inc. in Supp. of Coho Distributing LLC's Opposition to Apisero, Inc.'s Motion to Compel Production and Disclosure Pursuant to FRCP 26, 33, 34, & 37 ("Slalom Decl.").)

Despite the thousands of hours Columbia has expended to review and produce responsive material in this case—including an individual review of each document for confidentiality concerns—Apisero asks this Court to require Columbia to engage in a completely new review of thousands of the same documents. That request is not proportional to the concern Apisero has raised in the Motion. Columbia asks the Court to deny Apisero's Motion.

Page 2 –    PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL
            PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37

**SUPPLEMENTAL BACKGROUND FACTS**

As part of the Fridge project, Columbia entered into confidentiality agreements with Slalom and Salesforce that protect against disclosure of those non-parties' confidential information. (Decl. of Erin Dawson Pl.'s Resp. to Apisero Inc.'s Mot. to Compel Production and Disclosure Pursuant to FRCP 26, 33, 34, & 37 ("Dawson Decl.") ¶ 2.) As a result, Columbia consulted with Slalom and Salesforce to obtain their guidance on the confidentiality of their information in documents that Columbia intended to produce to Apisero in this action. (*Id.* ¶ 3.) Due to the volume of documents in this action, Columbia hired an outside review team to assist with its review. (Decl. of Harry Nedley in Support of Pl.'s Resp. to Apisero Inc.'s Mot. to Compel Production and Disclosure Pursuant to FRCP 26, 33, 34, & 37 ("Nedley Decl.") ¶ 2.) Columbia's review team conducted an individual review of each of the more than 67,000 documents produced to Apisero and applied confidentiality designations consistent with direction from non-parties Salesforce and Slalom. (*Id.* ¶ 3.) Columbia has expended almost 3,000 hours reviewing and producing materials to Apisero in this action. (*Id.* ¶ 2.)

Apisero has held possession of most of approximately 67,000 documents for close to a year. (*Id.* ¶ 4.) Columbia noticed depositions of several of Apisero's fact witnesses for June 2025. (Dawson Decl. ¶ 4.) Apisero asked to cancel those depositions because it was not yet prepared; it did not attribute the cancellation to AEO designations that would prohibit it from preparing its witnesses. (*Id.*)

Counsel for Apisero and Columbia have conferred several times to discuss potential down-designation of documents, and in particular, the down-designation of documents marked AEO. (*Id.* ¶ 5.) During several of those conferrals, counsel for Columbia described Columbia's obligations to non-parties to protect their confidential information. (*Id.*) Counsel for Columbia encouraged Apisero to confer with Slalom to identify the particular information that Apisero

believed was over-designated and its reasons for that belief. (*Id.*) Following a single Zoom conferral with counsel for Slalom regarding confidentiality designations, Apisero filed this motion. (Dawson Decl. ¶ 6.)

To date, Columbia has down-designated all AEO designations over Columbia's own documents. (*Id.* ¶ 7.) Columbia has also worked with Salesforce to down-designate all Salesforce documents marked AEO. (*Id.*) Columbia's efforts have resulted in the down-designation of over 800 AEO documents. (*Id.*) Columbia has also encouraged Slalom to consider changes to the redactions or confidentiality designations of documents containing Slalom's proprietary information, where appropriate. (*Id.* ¶ 8.) In response, Slalom has agreed to withdraw redactions for any documents marked AEO. (Slalom Decl. ¶ 7.) Today, the only Columbia documents that remain designated AEO are those designated as such by Slalom. (Dawson Decl. ¶ 9.)

## ARGUMENT

I. **Slalom asserts that the risk of disclosure to Apisero—a competitor—of sensitive AEO information is highly likely to detrimentally impact its competition in the marketplace.**

Apisero and non-party Slalom are direct competitors. (Slalom Decl. ¶ 3.) Both provide services architecture, implementation of Salesforce solutions including Mulesoft, and digital business and IT services. (*Id.*) Slalom makes serious efforts to keep its proprietary and confidential information from being disclosed to competitors or third parties who would cause substantial competitive harm to Slalom. (*Id.* ¶¶ 5-6.) For example, Slalom includes confidentiality provisions in employment and client agreements; it restricts access to confidential information to a need-to-know basis; it employs technological controls and physical security measures to keep confidential information secure; and it engages in employee training regarding confidentiality. (*Id.* ¶ 6.)

Page 4 –    PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL
             PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37

Slalom believes that down-designation of the documents like those discussed in Apisero's Motion will detrimentally impact Slalom's competitive advantage within the marketplace. (*Id.* ¶¶ 5-8.) Parties "are entitled to protection from 'undue burden' in discovery, including protection from misuse of trade secrets by competitors." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (citation omitted). A court considering an AEO designation balances the risk of disclosing confidential information to competitors against the risk of damaging the claims or defenses of the party requesting down-designated access to the information. *Id.* A "crucial factor" in evaluating the risk of disclosure focuses on "whether the person seeking access was involved in competitive decision-making; that is, *advising on decisions about pricing or design* made in light of similar or corresponding information about a competitor." *Santella v. Grizzly Indus., Inc.*, No. 3:12-mc-00131-SI, 2012 WL 5399970, *4 (D. Or. Nov. 5, 2012) (quotation marks omitted, emphasis in *Santella*, quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984); *Brown Bag Software*, 960 F.2d at 1470 (same)). Oregon federal courts have described this risk as one where the individual reviewing the information cannot help but utilize the information in future decision making: "In the classic scenario, a decision-maker may learn how a competitor prices its product and despite the decision-maker's best conscious effort his or her future pricing decisions may be made in partial reliance on that information." *Id.* (citation omitted).

Slalom has identified the information designated as AEO to include Slalom's rates, hours, and project details (CD000197-CD000210); technical limitations, integration strategies or solutions, and internal risk assessments (CD000396); and detailed diagrams, proprietary methodologies, integration analyses, and tailored recommendations (Decl. of Donna Chamberlin in Support of Defs.' Mot. to Compel Production and Disclosure Pursuant to FRCP 26, 33, 34, &

Page 5 –   PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL
            PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37

37, (Dkt. 38-1), Ex. G at 24-45).[1]  (Slalom Decl. ¶¶ 5, 7-8.)  Apisero has not provided the names of individuals it intends to disclose the AEO information to if it were down-designated, but Apisero has indicated that it needs this information to prepare its witnesses for depositions, which includes Adam Dench (Senior Vice President of Sales) and Saideep Pulikkal (Solution Architect).  (Mot. at 1-2; Dawson Decl. ¶ 4.).  At a minimum, this information would be reviewed by those individuals.  In fact, because Apisero has not sought to allow specific individuals to access the AEO information but to remove those designations entirely, it is assumed that anyone at Apisero—up to the highest decision makers and technicians in each department—would have access to Slalom's information.  Slalom objects to this information being handed over to decision makers at its direct competitor for fear of the competitive disadvantage it will suffer.  (*See generally* Slalom Decl.); *see Wanke Cascade Distrib. Ltd. v. Forbo Flooring, Inc.*, No. 3:13-cv-768-AC, 2014 WL 12648465, *2 (D. Or. Apr. 11, 2013) (concluding there existed a "high risk of inadvertent disclosure" where the employees most likely to review the information and advise a party's lawyers were those likely to make relevant decisions for the receiving company).

Slalom has also explained why it has declined to remove the Confidential designation from several documents discussed in Apisero's Motion; namely, that documents addressing the project scope, technical architecture resource planning, and discounted rates (CD000221-CD000229) and sensitive information regarding orders, invoices, and Application Programming Interface calls (CD003982-CD003984) are confidential and should not be disclosed outside this litigation because they could risk revealing Slalom's negotiation history or other sensitive business information.  (Slalom Decl. ¶ 8.)  To illustrate its concern with Confidential

---

[1] Ex. G is filed with this Court under seal.

**Page 6 –    PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37**

designations, Apisero highlights a particular email, CD003982-CD003984, and suggests the document "should be produced without delay in its entirety" because it is "clearly not proprietary[.]"  (Mot. at 7-8.)  But the document has been produced and can be used in this litigation—its confidentiality designation is not prohibiting Apisero from preparing for depositions or trial.  Moreover, Apisero appears to have a copy of this document in its own records.

II.     **Columbia has down-designated the AEO documents within its control, and has worked diligently to pursue the down-designation of AEO documents with Salesforce and Slalom.**

Preliminarily, Apisero's Motion blends the discussion of AEO and Confidential materials together, treating them as if they create the same obstacle to Apisero's meaningful defense in this matter.  Columbia disagrees.  Apisero can prepare its witnesses, take and defend depositions, prepare expert testimony, and defend against all aspects of these claims using Confidential documents.  Thus, to the extent the Court is inclined to grant relief on Apisero's Motion, Columbia asks the Court to limit any re-review or further consideration to only documents currently marked AEO.

In its Motion, Apisero has challenged the confidentiality designations of certain documents, asking the Court to require Columbia to undertake the effort to re-review *all* of its designated documents to identify for Apisero which documents Columbia believes merits protection. (Mot. at 7-10.)  But Columbia has already engaged in that process when it initially designated the documents AEO, and it has re-engaged in that process to the fullest extent possible given the non-party confidentiality interests in the remaining material.  Even if Columbia voluntarily resolved to conduct yet one more review, doing so would be fruitless.  Columbia has already down-designated the AEO designations over its own documents.  (Dawson Decl. ¶ 7.)  Columbia has also worked with Salesforce to down-designate all Salesforce

Page 7 –     PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL
              PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37

documents marked AEO. (*Id.*) Together, those efforts have resulted in the down-designation of over 800 AEO documents. (*Id.*) But, Columbia has an obligation to the remaining third party whose information is implicated in Columbia's AEO productions—Slalom—not to disclose its sensitive information. (Slalom Decl. ¶ 6 (requiring confidentiality provisions in client agreements).) Columbia cannot unilaterally ignore its obligations to Slalom.

Columbia conferred with Apisero's counsel several times to explain the untenable position this places Columbia in and encouraged Apisero to confer with Slalom to identify the particular information that Apisero believed was over-designated and its reasons for that belief. (Dawson Decl. ¶ 5.) However, after one Zoom conferral call with counsel for Slalom, Apisero filed this Motion. (*Id*. ¶ 6.) Columbia has also encouraged Slalom to consider changes to the redactions or confidentiality designations of documents containing Slalom's proprietary information, where appropriate. (*Id*. ¶ 8.) And, in some instances, Slalom has agreed to do so. For example, Slalom has agreed to withdraw redactions for any documents marked AEO, including the documents identified in Apisero's Motion as CD000197-CD000210. (Slalom Decl. ¶ 7.) There is little more that Columbia could do to address AEO designations without violating obligations to Slalom.

However, as to the AEO information alluded to, but not specifically discussed, in Apisero's Motion, Slalom remains willing to engage in discussions with Apisero to understand why Apisero believes them to be over-designated. (*Id*. ¶ 10.) Thus far, Columbia, Salesforce, and Slalom have been responsive to these requests from Apisero, resulting in the down-designation of over 800 documents from AEO to Confidential and the removal of redactions from AEO documents that Apisero contends are key to its expert's ability to assess damages in this case.

Page 8 –   PLAINTIFF'S RESPONSE TO APISERO INC.'S MOTION TO COMPEL
           PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37

**CONCLUSION**

For the reasons outlined above, Columbia asks the Court to deny Apisero's Motion or, in the alternative, to limit relief to only reconsideration of AEO-marked documents.

DATED:  November 7, 2025.         MARKOWITZ HERBOLD PC

*s/ Erin N. Dawson*
Anit Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Erin Dawson, OSB #116334
ErinDawson@MarkowitzHerbold.com
*Attorneys for Plaintiff*

2371186