UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COHO DISTRIBUTING LLC, an Oregon limited liability company, dba COLUMBIA DISTRIBUTING,,<br><br>Plaintiff,<br><br>v.<br><br>APISERO, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:23-cv-00806-AN<br><br>DECLARATION OF CASEY HOLLAND OF NON-PARTY SLALOM, INC. IN SUPPORT OF COHO DISTRIBUTING LLC'S OPPOSITION TO APISERO, INC.'S MOTION TO COMPEL PRODUCTION AND DISCLOSURE PURSUANT TO FRCP 26, 33, 34, & 37 |

I, Casey Holland, submit this declaration in support of CoHo Distributing LLC's ("CoHo") Opposition to Apisero, Inc.'s ("Apisero") Motion to Compel Production and Disclosure Pursuant to FRCP 26, 33, 34, & 37 ("Motion to Compel"), as it relates to specific documents that pertain to Slalom, Inc. ("Slalom"):

1. I am the Retail Industry Managing Director at Slalom in Portland, Oregon.

2. I have been employed at Slalom for nearly fifteen years, serving in a variety of

Page 1- DECLARATION OF CASEY HOLLAND OF NON-PARTY SLALOM, INC. IN SUPPORT OF COHO DISTRIBUTING LLC's OPPOSITION TO APISERO, INC.'S MOTION TO COMPEL

leadership and operational roles. Since July 2021, I have held the position of Managing Director, where I oversee strategic initiatives and contribute to the company's overall business operations. Through my tenure, I have developed extensive knowledge of how Slalom conducts its business, including our client engagement practices and internal governance. In my various roles, I have had access to company records and information relevant to our client services, which has enabled me to provide informed oversight and direction. My long-standing experience and leadership at Slalom allows me to speak credibly about the company's practices and procedures.

3. Slalom is a direct competitor with Apisero, and its new parent company, NTT Data, with both organizations providing services architecture, implementation of Salesforce solutions including Mulesoft, and provision of digital business and IT services.

4. Throughout the course of this litigation, Slalom, as a non-party under the Protective Order signed by this Court on October 31, 2023, has worked alongside CoHo in designating certain materials as "Confidential" or "Attorneys' Eyes Only" ("AEO") based on the sensitivity of the information contained therein as it relates to Slalom's business.

5. Documents designated as AEO contain highly sensitive commercial information, including but not limited to trade secrets, pricing strategies, customer lists, internal financial data, and proprietary business processes. Disclosure of such information to competitors or third parties would cause substantial competitive harm to Slalom. The documents at issue also include information that Slalom treats as trade secrets. Disclosure of such information could enable competitors to gain an unfair advantage in the marketplace and Slalom has taken reasonable steps to limit disclosure of such sensitive information, including implementing internal confidentiality protocols and narrowly tailoring designations to only those documents that warrant heightened protection.

6. Slalom has in place robust and reasonable measures to protect both Slalom's confidential information, and the confidential information of its clients. Some examples of these safeguards include:

Page 2- DECLARATION OF CASEY HOLLAND OF NON-PARTY SLALOM, INC. IN SUPPORT OF COHO DISTRIBUTING LLC's OPPOSITION TO APISERO, INC.'S MOTION TO COMPEL

a. Confidentiality provisions in employment agreements.

b. Confidentiality provisions in agreements with clients.

c. Restricting access to confidential information on a need-to-know basis.

d. Information security and information technology controls on confidential information.

e. Physical security measures: Slalom offices operate under a clean desk policy requiring secure storage of confidential documents, information, and hardware. Access to office premises is controlled via key cards, and visitor access is restricted.

f. Compliance with recognized security frameworks: Slalom maintains compliance with ISO 27001, SOC 2, and NIST CSF standards, which govern information security management and data protection practices.

g. Employee training and awareness: all Slalom employees undergo mandatory information security and confidentiality training, with periodic refreshers to reinforce these obligations.

7. Slalom has reviewed the following documents and invoices referred to in the Motion to Compel, and the accompanying declaration, and agrees to remove redactions previously applied, while maintaining the AEO designation. This approach balances Apisero's asserted need to review the information with the need to protect sensitive business information from disclosure to a direct competitor:

a. **CD000197–CD000210** – The documents bearing Bates numbers CD000197–CD000210 are Slalom invoices to CoHo for consulting services, including Slalom's rates, hours, and project details. These materials remain designated as AEO, but Slalom agrees to remove the redactions applied to the previous production of these documents. Slalom's rates and billing details are highly sensitive, and disclosure could allow competitors—including Apisero—to

Page 3- DECLARATION OF CASEY HOLLAND OF NON-PARTY SLALOM, INC. IN SUPPORT OF COHO DISTRIBUTING LLC's OPPOSITION TO APISERO, INC.'S MOTION TO COMPEL

undercut Slalom or use this information against Slalom in future negotiations. However, as a compromise, Slalom has agreed to remove redactions while maintaining the AEO designation to balance Apisero's asserted need for the information with the protection of sensitive business information.

8. Each designation was made after a good faith review of the document's contents and in accordance with the standards set forth in the Protective Order. The designations reflect the nature of the information and the potential harm that could result from broader disclosure. Accordingly, Slalom has reviewed the following documents and communications referred to in the Motion to Compel, and the accompanying declaration,—for which it is responsible—and has determined it is appropriate to maintain their "Confidential" or AEO designations:

   a. SOW Documents:
      i. **CD000221–CD000229** – The documents bearing Bates numbers CD000221–CD000229 are Statements of Work addressing "Columbia Distributing B2B Phase 2" and contain details regarding the project scope, technical architecture, resource plans, and discounted rates. These materials remain designated as "Confidential," with certain information redacted therein, because they contain proprietary and/or sensitive technical solutions and business information. Disclosure of these contents would risk revealing Slalom's negotiation history and could harm its competitive position. After careful review and in accordance with the Protective Order, Slalom has determined that maintaining this designation is necessary to protect its legitimate business interests

   b. Additional Documents:
      i. **CD000396** – The document bearing Bates number CD000396 is a memorandum discussing VIP Data Sync Information, including details

Page 4- DECLARATION OF CASEY HOLLAND OF NON-PARTY SLALOM, INC. IN SUPPORT OF COHO DISTRIBUTING LLC's OPPOSITION TO APISERO, INC.'S MOTION TO COMPEL

of integration challenges, system limitations, and mitigation strategies. This material remains designated as AEO because it contains technical limitations, integration strategies, and internal risk assessments. Disclosure of these contents could expose Slalom's vulnerabilities to competitors or adversaries and harm Slalom's competitive position. After careful review and in accordance with the Protective Order, Slalom has determined that maintaining this designation is necessary to protect its legitimate business interests.

ii. **CD003982–CD003984** – The documents bearing Bates numbers CD003982–CD003984 are email communications regarding "Load for Order & Invoices" discussing general project documentation. These materials remain designated as "Confidential" because although the emails include Apisero, they contain sensitive information regarding the number of "Orders" and "Invoices" on a daily basis, as well as the number of Application Programming Interface ("API") calls per day. After careful review and in accordance with the Protective Order, Slalom has determined that maintaining this designation is necessary to protect its legitimate business interests.

iii. **PAGE 24–PAGE 45** – PAGE 24–PAGE 45 is a PowerPoint presentation entitled "ERP to Salesforce Commerce Cloud: Data Integration Alternatives." This presentation discusses technical architecture options and integration strategies for connecting Enterprise Resource Planning ("ERP") systems to Salesforce Commerce Cloud. The materials include detailed diagrams, proprietary methodologies, and comparative analyses of various integration approaches, as well as recommendations tailored to CoHo's business needs. These contents are

Page 5- DECLARATION OF CASEY HOLLAND OF NON-PARTY SLALOM, INC. IN SUPPORT OF COHO DISTRIBUTING LLC's OPPOSITION TO APISERO, INC.'S MOTION TO COMPEL

designated as AEO because they contain highly sensitive technical solutions, proprietary integration methods, and strategic decision-making processes. Disclosure of these materials would risk revealing Slalom's proprietary methodologies and competitive strategies, potentially causing substantial competitive harm. After careful review and in accordance with the Protective Order, Slalom has determined that maintaining this designation is necessary to protect its legitimate business interests.

9. The compromises herein reflect Slalom's commitment to cooperating in discovery, while safeguarding its legitimate business interests as a non-party entity to the litigation. The remaining designations are therefore necessary and appropriate under the circumstances.

10. To the extent there are discrete documents that Apisero would like to discuss, Slalom remains willing to work through designations with the parties.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:    November ___, 2025

By: _____
Casey Holland (Nov 7, 2025 08:41:08 PST)
Casey Holland

Page 6- DECLARATION OF CASEY HOLLAND OF NON-PARTY SLALOM, INC. IN SUPPORT OF COHO DISTRIBUTING LLC's OPPOSITION TO APISERO, INC.'S MOTION TO COMPEL