**Anit Jindal, OSB #171086**
AnitJindal@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**Erin Dawson, OSB #116334**
ErinDawson@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

        *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COHO DISTRIBUTING LLC, an Oregon limited liability company, dba COLUMBIA DISTRIBUTING, | Case No. 3:23-cv-00806-AN |
| Plaintiff, | **EIGHTH STIPULATED MOTION FOR EXTENSION OF DISCOVERY AND PRE-TRIAL DEADLINES** |
| v. | |
| APISERO, INC., a Delaware corporation, | |
| Defendant. | |

### LR 7-1(a)(1) CERTIFICATION

The parties to this litigation have conferred regarding this motion.  They jointly agree to its contents as indicated by their signatures below.

### MOTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16-3(a), the parties respectfully move this Court to extend the discovery and pre-trial deadlines for five (5) months

 **Page 1 –     EIGHTH STIPULATED MOTION FOR EXTENSION OF DISCOVERY AND
               PRE-TRIAL DEADLINES**

and modify the dates set in the Court's prior text-only scheduling order entered on January 5, 2026.  (Dkt. 50.)  This is the parties' eighth stipulated motion for extension of these deadlines because, in the previous motions for extensions, the parties underestimated the amount of time needed to complete discovery including the time necessary to secure third-party discovery via subpoenas.  As set forth below, the parties make this request to facilitate efforts to develop the facts at issue and in furtherance of the potential for prompt resolution, either by the Court or through mediation, while also securing discovery from third parties.  This continuance is necessitated primarily by the complexity of the case, the evidence at issue, and the need to complete depositions—including of third parties, including the deposition of an important third party, Slalom, sometime in May or June 2026.  Defendant Apisero, Inc. ("Apisero") originally noted Slalom's deposition for May 10, 2024, but was then continued twice at the request of Slalom until early 2026.  Slalom continued its deposition to allow time to prepare and due to unexpected time away by its witness.  Apisero contends that Slalom did not present a witness for all subject matters covered under the subpoena and Apisero has notified Slalom that it intends to continue the recent deposition to a later date.  Apisero believes that, following Slalom's deposition, additional third-party depositions are needed.  Further, although Apisero is working with Slalom to address third-party discovery, Apisero anticipates it may need to file a related discovery motion before this Court.

The matters at issue involve a large, multi-party computer project that involved multiple contracting third parties and numerous interrelated and modified contracts.  Given the volume and electronic format of the discovery documents—including email productions—the parties required significant time to review them as part of discovery.  Although the parties have worked well together, there is also a discovery motion that remains pending for decision by this Court

**Page 2 –    EIGHTH STIPULATED MOTION FOR EXTENSION OF DISCOVERY AND
         PRE-TRIAL DEADLINES**

which should be addressed in advance of the party depositions if the parties are unable to resolve this matter through mediated efforts.  As such, additional time is needed to complete mediation and discovery, including depositions, and to prepare appropriate expert reports.

The parties have worked cooperatively to address discovery and deposition issues.  Most recently, Apisero took the deposition of a former CoHo employee in December 2025, and the combined corporate deposition of third-party Slalom and the personal deposition of a Slalom employee in April 2026.  It is Apisero's position that third-party Slalom's delays have, in part, caused the need for additional discovery time and, further, that Slalom is a third-party liable for the damages claimed by CoHo.  CoHo and Apisero are preparing for a mediation in July 2026 with the remaining depositions to follow if settlement is unsuccessful.

## MEMORANDUM

The Court issued an initial Discovery and Pretrial Scheduling Order on June 2, 2023.  (Dkt. 3.)  The parties filed a Joint Rule 26(f) Report on August 24, 2023, in which they proposed revised deadlines.  (Dkt. 11.)  This Court issued a scheduling order on September 26, 2023.  (Dkt. 13.)  The Court granted six stipulated motions for extension of discovery and pre-trial order deadlines, and, on December 29, 2025, the parties filed their seventh motion for extension of discovery and pre-trial deadlines.  (Dkts. 21, 23, 28, 32, 34, 36, 49.)  On January 5, 2026, the Court granted that extension and set the following new deadlines: April 30, 2026 for completion of fact discovery; June 22, 2026 for exchange of expert reports; August 19, 2026 for exchange of rebuttal reports; August 19, 2026 for completion of all expert discovery and filing of the joint ADR report; and August 28, 2026 as the deadline to file dispositive motions.  (Dkt. 50.)

Apisero served Slalom with a notice for a 30(b)(6) deposition on April 19, 2024, for Slalom's deposition on May 10, 2024, after which Slalom requested, and Apisero agreed, to allow Slalom more time to prepare a witness for the deposition.  After the deposition was

**Page 3 –    EIGHTH STIPULATED MOTION FOR EXTENSION OF DISCOVERY AND**
**PRE-TRIAL DEADLINES**

rescheduled to accommodate Slalom's request, Slalom's witness became unavailable for her deposition due to an unexpected leave.  Accordingly, Apisero re-noted Slalom's deposition for early 2026.  It is Apisero's position that Slalom's deposition remains open because the witness was unprepared to testify on core subject matters.  Counsel for Apisero and Slalom are in the process of conferring on this issue, which ultimately may require a discovery motion for resolution.  In addition, the parties intend to engage in party depositions and Apisero plans to depose one additional third-party witness, Vermont Information Processing ("VIP"), if mediation is unsuccessful.  In the interim, as discussed further herein, the parties have been involved in an extensive exchange of voluminous e-discovery, which has extended the arc of discovery.

The parties jointly move the Court for the following changes to the case scheduling order:

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Fact Discovery Completed and Discovery Motions Filed | April 30, 2026 | September 30, 2026 |
| Exchange of Expert Reports | June 19, 2026 | November 19, 2026 |
| Exchange of Rebuttal Reports | July 17, 2026 | December 18, 2026 |
| Expert Discovery Completed | August 19, 2026 | January 19, 2027 |
| Joint ADR Status Report Filed | August 19, 2026 | January 19, 2027 |
| Dispositive Motions Filed | August 28, 2026 | January 29, 2027 |

Over the past 120 days, the parties have pursued discovery, including the review of voluminous exchanged discovery, conferral regarding the same, and the combined corporate deposition of third-party Slalom and a Slalom employee.  Defendant and third-party Slalom are engaging in discovery conferrals regarding additional deposition time and documentary discovery.  In addition, the parties are currently collaborating to schedule mediation for July and the remaining depositions for immediately after should settlement efforts fail.  That delay in

**Page 4 –     EIGHTH STIPULATED MOTION FOR EXTENSION OF DISCOVERY AND
        PRE-TRIAL DEADLINES**

scheduling depositions will facilitate potential resolution through mediation without incurring additional discovery costs and also provide time for the Court to rule on the pending discovery motion.

Given the volume of the documents involved in this case, the need to accommodate third-party AEO confidentiality concerns, and the parties' anticipated mediation and depositions, the parties need additional time to complete discovery. "Orders entered before the final pretrial conference may be modified upon a showing of 'good cause[.]'" *Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 608 (9th Cir. 1992), *citing* Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609. Here, the dispute requires the review of hundreds of thousands of documents addressing a highly technical subject. The parties have worked with, and anticipate continuing to work with, third parties and, potentially, international witnesses to take depositions.

The parties have diligently sought to resolve or develop this case further; Columbia stood up a full review team to ensure prompt production of a large volume of materials to assist with moving discovery towards resolution. Apisero has likewise established a data collection and review team and has expended considerable efforts on its review of the ESI and expended considerable resources to conduct a detailed review of the at-issue ESI. The parties are pursuing key witness depositions in an effort to move this case towards resolution, potentially through mediation. Good cause exists to extend the prior Court-ordered deadlines. The requested extension is expected to conserve judicial resources by facilitating the just and efficient resolution of this dispute.

**Page 5 –    EIGHTH STIPULATED MOTION FOR EXTENSION OF DISCOVERY AND PRE-TRIAL DEADLINES**

Accordingly, the parties jointly move the Court for an extension of deadlines as set forth above.

The Court has not yet set a trial date in this case; thus, the parties' requested extension of discovery and pre-trial deadlines will not impact other scheduled matters.

DATED:  April 28, 2026.

LEWIS BRISBOIS BISGAARD &
SMITH LLP

*s/ Donna M. Chamberlin*

Donna M. Chamberlin, pro hac vice
James E. Horne, OSB #821697
George J. Manos, pro hac vice
1111 Third Avenue, Suite 2700
Seattle, WA  98101
(206) 436-2020
Donna.Chamberlin@lewisbrisbois.com
James.Horne@lewisbrisbois.com
George.Manos@lewisbrisbois.com
*Attorneys for Defendant Apisero, Inc.*

DATED:  April 28, 2026.

MARKOWITZ HERBOLD PC

*s/ Erin N. Dawson*

Anit Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
Erin N. Dawson, OSB #116334
ErinDawson@MarkowitzHerbold.com
*Attorneys for Plaintiff*

## ECF CERTIFICATION

The filing attorney attests that filing attorney has obtained concurrence regarding the filing of this document from all signatories to this document.

DATED:  April 28, 2026.

*s/ Erin N. Dawson*

Erin N. Dawson, OSB #116334
ErinDawson@MarkowitzHerbold.com

2443384

**Page 6 –   EIGHTH STIPULATED MOTION FOR EXTENSION OF DISCOVERY AND
PRE-TRIAL DEADLINES**