IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COHO DISTRIBUTING, LLC, an Oregon limited liability company d/b/a COLUMBIA DISTRIBUTING,<br><br>Plaintiff,<br>v.<br><br>APISERO, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:23-cv-00806-AN<br><br>ORDER |

Pending before the Court is defendant Apisero, Inc.'s motion to compel production and disclosure pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37. Plaintiff CoHo Distributing, LLC d/b/a Columbia Distributing timely responded in opposition. Upon review of the parties' filings, the Court finds this matter appropriate for decision without oral argument. *See* Local R. 7-1(d). For the reasons stated below, defendant's motion is GRANTED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). District courts have "broad discretion" in determining whether information sought is relevant for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). A court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,]" or if the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Ultimately, the threshold for establishing relevance is a low one. *See, e.g.*, *Nationstar Mortg., LLC v. Decker*, No. 3:13-

cv-1793-PK, 2015 WL 519884, at *2 (D. Or. Feb. 9, 2015).

A party may move for an order compelling a discovery response, including when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The movant has the initial burden of demonstrating the relevance of the discovery sought, and the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted. *United States v. McGraw-Hill Cos.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014).

## BACKGROUND

Plaintiff, a beverage distributor, alleges that in February 2021, it hired defendant to assist in creating an online retail customer portal called "The Fridge." Compl., ECF 1-1, at ¶¶ 5, 10-11. Plaintiff asserts that defendant touted itself as being a "trusted source" of certain software platforms—specifically, Salesforce B2B Commerce ("Salesforce") and MuleSoft, LLC—that would be used to perform the data integration necessary to successfully complete The Fridge. *Id.* ¶¶ 7-10, 12-13. Despite defendant's representations, plaintiff alleges that defendant failed to properly complete the data integration necessary for The Fridge's successful operation. *See, e.g.*, *id.* ¶¶ 14, 16-18. Eventually, plaintiff engaged a different vendor to complete the data integration and terminated its contact with defendant. *Id.* ¶¶ 19-21. Specifically, in working on The Fridge, plaintiff engaged Salesforce and an additional third-party vendor, Slalom, Inc. ("Slalom"), and in doing so entered confidentiality agreements with both vendors "that protect against disclosure of [the vendors'] confidential information." Decl. of Erin N. Dawson Supp. Pl. Resp. ("Dawson Decl."), ECF 43, ¶ 2. As of the date of the filing of the complaint, The Fridge has yet to fully launch, and data integration issues remain ongoing. Compl. ¶ 22.

Plaintiff initiated this action for breach of contract and breach of the duty of good faith and fair dealing on April 19, 2023, *id.* at 1, 9, and defendant timely removed the action to federal court on June 2, 2023, Notice of Removal, ECF 1. Defendant filed its answer on July 10, 2023. Answer, ECF 7. On October 27, 2023, the parties jointly moved the Court for entry of a stipulated protective order, ECF 18, which the Court entered on October 31, 2023. Stip. Protective Order ("SPO"), ECF 19. The stipulated

protective order provides that certain discovery may be designated as Confidential or Attorneys' Eyes Only ("AEO") if it "contain[s] information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards." *Id.* at 2-3. The stipulated protective order restricts who may view documents that are designated Confidential or AEO. *See id.* at 3-5. Only a subset of persons allowed to view Confidential documents may also view documents designated AEO. *Id.* at 5. Parties and party representatives, for example, may not view documents designated AEO. *Id.*

During discovery, plaintiff contracted with an outside vendor to assist in the review and production of documents. Decl. of Harry Nedley Supp. Pl. Resp. ("Nedley Decl."), ECF 44, ¶ 2. The review team spent almost 3,000 hours reviewing and eventually producing approximately 67,181 documents, ultimately marking approximately 11,553 documents as AEO on behalf of plaintiff, Salesforce and Slalom and 4,106 documents as Confidential on behalf of Slalom. Nedley Decl. ¶¶ 2-3; Decl. of Donna M. Chamberlin Supp. Def. Mot. ("Chamberlin Decl."), ECF 38-1, ¶¶ 11-12. Plaintiff also produced a privilege log. *Id.* ¶ 13 & Ex. F. Plaintiff later re-designated as Confidential all of the documents that it initially designated as AEO on behalf of itself and Salesforce, though many documents remain designated as AEO on behalf of Slalom. Dawson Decl. ¶¶ 7, 9. The parties have conferred with one another regarding confidentiality designations on several occasions, and both plaintiff and defendant have separately conferred with Slalom regarding the same. *Id.* ¶¶ 5-6. Slalom has agreed to withdraw all redactions for any documents marked AEO but maintains that all documents designated Confidential or AEO have been closely reviewed and appropriately designated. Pl. Resp., ECF 42, at 8; Decl. of Casey Holland Supp. Pl. Resp. ("Holland Decl."), ECF 45, ¶ 7.

On October 14, 2025, defendant filed the present motion to compel, asking the Court to compel plaintiff and Slalom to (1) re-review all documents currently designated as Confidential or AEO; and (2) re-designate those documents "cautiously and judiciously" and "only where information contained within the document is actually business sensitive, proprietary, or requires non-disclosure for some other reason that

they must make known to the Court." Def. Mot., ECF 38, at 10-11.[1] Defendant also asks that the Court order "[r]equir[e] all parties to perform any other or further task this Court deems necessary to permit the free flow of information and documents with which the parties can prepare their claims, defenses, and arguments to be presented at trial." *Id.* at 11. In support of the requested relief, defendant argues that plaintiff's confidentiality designations are improperly applied and "interfering with [defendant]'s ability to show the documents to its employees and witnesses and experts" and "to evaluate damages and prepare witnesses for depositions and trial." *Id.* at 1-2. Defendant identifies eighteen specific examples of allegedly improperly designated documents that defendant argues support its requested relief. *Id.* at 7 n.4 (citing Chamberlin Decl. Ex. G).

Plaintiff responded in opposition on November 7, 2025. *See* Pl. Resp. Plaintiff specifically addresses several of the eighteen examples and argues generally that its review was thorough, its designations were proper, and defendant's requested relief is disproportionate to the purported concerns. *See id.* at 2.

## DISCUSSION

Plaintiff does not dispute the relevance of the discovery at issue, all of which appears to relate to The Fridge. The sole question before the Court is whether plaintiff has met its burden of showing that, despite its relevance, the requested discovery should not be permitted. *See Santella v. Grizzly Indus., Inc.*, No. 3:12-mc-00131-SI, 2012 WL 5399970, at *4 (D. Or. Nov. 5, 2012) (to maintain confidentiality designations, a plaintiff must show "'good cause to continue the protection of the discovery material'" (quoting *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011)). Plaintiff has not shown good cause sufficient to meet its burden here.

Plaintiff asserts that the documents at issue contain confidential trade secret information and that

[1] Defendant has also requested that the Court compel plaintiff to produce all AEO documents relating to certain issues without redactions. However, all documents designated AEO are so designated on behalf of Slalom, and Slalom has agreed to remove redactions from all documents designated AEO. The Court therefore finds that defendant's request for an order requiring the production of all AEO documents relating to certain issues without redactions is now moot.

the risk of harm for Slalom is particularly great because Slalom is defendant's direct competitor. *See* Pl. Resp. 1-2. However, plaintiff only sets forth argument and evidence that there is confidential trade secret information in five of the eighteen examples identified in defendant's motion. *See id.* at 5-7; *see also* Holland Decl. ¶¶ 7-8. Plaintiff does not address the remaining thirteen examples. Plaintiff therefore falls short of bearing its "burden, ***for each particular document it seeks to protect***, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis added) (collecting cases). Even assuming plaintiff is correct as to the five examples it addresses, an accurate confidentiality designation rate of five out of eighteen—particularly when extrapolated to the thousands of total documents with confidentiality designations at issue here—indicates that re-review of all documents with confidentiality designations is appropriate.

## CONCLUSION

For the reasons stated herein, defendant's motion to compel, ECF 38, is GRANTED, as follows: Plaintiff is ordered to re-review all documents currently designated as Confidential or AEO and to re-designate those documents as Confidential or AEO only when they contain information that plaintiff reasonably believes is confidential under the applicable legal standards. Plaintiff is further ordered to update its privilege log to include a column that provides a brief description of the basis for the confidentiality designation applied.

IT IS SO ORDERED.

DATED this 17th day of June, 2026.

Adrienne E. Nelson

Adrienne Nelson
United States District Judge